IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMEY SMARR § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23-cv-01037-K |
| § | |
| CVS HEALTH CORPORATION; § | JURY DEMANDED |
| AETNA HEALTH INC.; CVS § | |
| CAREMARK,CVS SILVERSCRIPT; and § | |
| SILVERSCRIPT INSURANCE § | |
| COMPANY § | |

**DEFENDANT SILVERSCRIPT INSURANCE COMPANY'S FIRST AMENDED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, and as instructed by Court order (Doc. 5), Defendant SilverScript Insurance Company hereby files its First Amended Notice of Removal to remove to this Court the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal":

## I.   THE REMOVED CASE

1.   The removed case is a civil action first filed in the 162nd Judicial District Court of Dallas County, Texas, on May 10, 2022, styled *Smarr vs. CVS Health Corporation, Aetna Health Inc., CVS Caremark and CVS Silverscript,* Cause No. DC-22-05186 ("State Court Action"). The case arises from alleged injuries sustained by Plaintiff, Jimmey Smarr ("Smarr"), when Plaintiff was prescribed Praluent rather than Repatha.

2.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action as of the date of this pleading are attached to this Notice and incorporated herein for all purposes.

3.   Attached hereto are copies of the following documents:

**Exhibit A:**   Index of State Court Filings;

**Exhibit 1:**   The State Court's Docket Sheet

**Exhibit 2:**   Plaintiff's Original Petition

**Exhibit 3:**   Return of Service for CVS Caremark

**Exhibit 4:**   Return of Service for CVS SilverScript

**Exhibit 5:**   Return of Service for Defendant CVS Health Corporation

**Exhibit 6:**   Return of Service of Aetna Health, Inc.

**Exhibit 7:**   Plaintiff's First Amended Petition

**Exhibit 8:**   Aetna Health Inc.'s Original Answer & Verification

**Exhibit 9**:   Special Appearance of CVS Health Corporation

**Exhibit 10:**   Subject to its Special Appearance, CVS Health Corporation's Motion to Transfer Venue

**Exhibit 11:**   Subject to its Special Appearance and Motion to Transfer Venue, CVS Health Corporation's Original Answer

**Exhibit 12:**   162nd Uniform Scheduling Order (Level 3)

**Exhibit 13:**   SilverScript Insurance Company's Motion to Transfer Venue

**Exhibit 14:**   Subject to its Motion to Transfer Venue, SilverScript Insurance Company's Original Answer

**Exhibit 15:**   Subject to its Motion to Transfer Venue, Defendant SilverScript Insurance Company's First Amended Answer

**Exhibit 16:**   Subject to its Special Appearance and Motion to Transfer Venue, CVS Health Corporation's First Amended Answer to Plaintiff's First Amended Petition

**Exhibit 17:**   Aetna Health Inc.'s First Amended Answer and Verified Denial to Plaintiff's First Amended Petition

**Exhibit 18:**   Silverscript Insurance Company's Notice of Filing Notice of Removal

|            |                                                      |
|------------|------------------------------------------------------|
| **Exhibit B:** | **Civil Cover Sheet** |
| **Exhibit C:** | **Supplemental Civil Cover Sheet** |
| **Exhibit D:** | **SilverScript 2020 Evidence of Coverage with Declaration** |
| **Exhibit E;** | **Defendant CVS Health Corporation's Consent to Removal** |
| **Exhibit F:** | **Defendant Aetna Health Inc.'s Consent to Removal** |
| **Exhibit G:** | **TDI Public Records of Insurance License**[1] |
| **Exhibit H:** | **Texas Secretary of State Public Filings**[2] |

4. With this Amended Notice of Removal, in compliance with LR 81.1, SilverScript is also filing a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, an Index of State Court Filings, a copy of the State Court's Docket Sheet, and has previously filed a Certificate of Interested Persons.

5. SilverScript promptly gave all parties written notice of the filing of its original Notice of Removal and filed a Notice of Filing Notice of Removal with the clerk of the 162nd Judicial District Court of Dallas County, Texas, where the State Court Action is currently pending. *See* Ex. A-18.

## II. REMOVAL IS TIMELY

6. Plaintiff's Original Petition was filed on May 10, 2022. Defendant SilverScript Insurance Company appeared in the State Court Action on May 8, 2023 and promptly filed its Notice of Removal. The original Notice of Removal was filed on May 9, 2023, making it timely pursuant to 28 U.S.C. § 1446. This First Amended Notice of Removal is made pursuant to the Court's order regarding same. *See* Doc. 5.

---

[1] This Defendant requests that the Court take judicial notice of this publically available information, attached.
[2] This Defendant requests that the Court take judicial notice of these publically available filings, attached.

### III. VENUE IS PROPER

7. The United States District Court for the Northern District of Texas is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. §§ 124(a) & 1441(a) because the United States District Court for the Northern District of Texas embraces the county in which the State Court Action now pends.

### IV. DIVERSITY OF CITIZENSHIP EXISTS

**A. Diversity of Citizenship between Plaintiff, Defendant CVS Health Corporation, and Defendant SilverScript Insurance Company**

8. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

9. As alleged in Plaintiff's First Amended Petition, Mr. Smarr was, and still is, an individual resident of Texas. *See* Plaintiff's Amended Petition, p. 1 ("Plaintiff is a resident of Gillespie County, Texas."). Further, upon information and belief, between at least 2017 and present, Plaintiff's address is and was 116 W Burbank St, Fredericksburg, Texas. "In determining diversity jurisdiction, the state where someone establishes domicile serves a dual function as his state of citizenship… Domicile requires the demonstration of two factors: residence and the intention to remain." *Pac. Holdings, LLC v. Wave Neuroscience, Inc.*, No. 3:22-CV-00446-K, 2022 WL 667235 at *2 (N.D. Tex. Mar. 3, 2022) (Kinkeade, E.) (quotation omitted); *see also Fiduciary Network, LLC v. Buehler,* Civ. Action No. 3:15-CV-0808, 2015 WL 2165953, at *2 (N.D. Tex. May 8, 2015) (Lynn, J.) (citing *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 798 (5th Cir. 2007) ("[A] natural person is a citizen of the place where he or she is domiciled, which is determined by examining two factors—the person's place of residence and his or her intent to remain there.")*; NL Indus., Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558,

561 (N.D. Tex. 2006) (citation omitted) ("A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.").

10. Upon information and belief, Plaintiff has also held the position of Chairman of two businesses registered with the Texas Secretary of State, in 2004 and 2005, with Texas business addresses. Ex. H. Plaintiff also has a General Lines Agent License issued by the Texas Department of Insurance, showing an address of 116 W Burbank St, Fredericksburg, Texas, and noting that it was issued in 1987 and does not expire until 2024. Ex. G.

11. Upon information and belief, Plaintiff has maintained the same residence for at least six years, in Fredricksburg, Texas. The business addresses of entities for which Plaintiff has served as Chairman indicate Plaintiff has lived and/or worked in Texas since at least 2004. He has an insurance agent license in Texas indicating he has been working in Texas as an insurance agent since 1987. Upon information and belief, he has current, established health care providers in the State of Texas. All of this information establishes his residence in Texas and his intent to remain in Texas. Accordingly, for diversity purposes, Mr. Smarr is a citizen of Texas. If the Court believes that questions remain as to Plaintiff's citizenship, Defendant SilverScript Insurance Company would request limited discovery on the jurisdictional issue.

12. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)).

13. Defendant CVS Health Corporation is incorporated under the laws of the State of Rhode Island with its principal place of business in Rhode Island. Accordingly, for diversity

purposes, Defendant CVS Health Corporation is a citizen of Rhode Island.

14. Defendant SilverScript Insurance Company is incorporated under the laws of Tennessee with its principal place of business in Connecticut. Accordingly, for diversity purposes, Defendant SilverScript Insurance Company is a citizen of both Tennessee and Connecticut.

15. Defendant Aetna Health Inc. ("Aetna") is incorporated under the laws of Pennsylvania and has its principle place of business in Texas. Accordingly, for diversity purposes, Aetna is a citizen of both Pennsylvania and Texas. However, as explained further below, Aetna is improperly joined and therefore should not be considered for diversity purposes.

16. CVS SilverScript is named in Plaintiff's First Amended Petition as an alleged trade name of CVS Health Corporation and Aetna. Those entities do not operate through that trade name but, regardless, it is not a proper party with separate citizenship for purposes of diversity. *See Harris v. Meridian Sec. Ins. Co.*, No. 4:19-CV-00507-P, 2019 WL 8071872, at *2, n.1 (N.D. Tex. Oct. 9, 2019) (quoting *La Russo v. St. George's University School of Medicine*, 747 F.3d 90 (2nd Cir. 2014) ("removal cannot be denied to this defendant merely because plaintiff improperly sued its fictitious trade name.").

17. CVS Caremark is named in Plaintiff's First Amended Petition as a trade name of CVS Health Corporation and Aetna. Those entities do not operate through that trade name but, regardless, it is not a proper party with separate citizenship for purposes of diversity. *Id.*

18. Because Mr. Smarr, who is a citizen of Texas, has brought suit against CVS Health Corporation and SilverScript Insurance Company, who are citizens of Rhode Island, Tennessee, and Connecticut, and because the citizenship of Aetna should not be considered, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Mr. Smarr and Defendants pursuant to 28 U.S.C. § 1332.

V.  **IMPROPER JOINDER OF AETNA HEALTH INC.**

A.  **Standard of Review.**

19.  The burden to establish federal jurisdiction is on the removing party. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). However, while doubts as to removability favors the non-movant, when considering improper joinder, "courts *should not sanction devices intended to prevent [ ] removal* . . . and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (emphasis added) (quoting 14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3641, 173 (3d ed. 1998)); *Casas v. Anthony Mech. Servs., Inc.*, No. 5:21-CV-168-H, 2022 WL 541787, at *2 (N.D. Tex. Feb. 23, 2022).

20.  There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood,* 385 F.3d at 573. For the second test, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

21.  To conduct this test, a court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* In some "hopefully few" cases where the plaintiff has stated a claim "but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may, in its discretion, "pierce the pleadings and conduct a summary inquiry." *Id.* This type of summary inquiry is "is appropriate only to identify the presence of

discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Ticer v. Imperium Ins. Co.,* 20 F.4th 1040, 1046–47 (5th Cir. 2021) (citing *Smallwood*, 385 F.3d at 573). When conducting a summary inquiry, the district court "may consider additional evidence to determine whether the plaintiff "truly has a reasonable possibility of recovery in state court." *Id.* at 1047 (citing *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

### B. Plaintiff Has No Reasonable Basis to Recover from Aetna under Texas Law.

22. In the present case, Plaintiff alleges that "CVS Caremark is, on information and belief, a trade name through which Defendant CVS Health Corporation and Defendant Aetna Health, Inc. offer prescription benefits to Texans like Plaintiff." *See* Plaintiff's First Amended Petition at p. 1. Plaintiff alleges he was "covered by CVS Caremark SilverScript for his Medicare Part D prescription drug plan issued by SilverScript Insurance Company and administered by Aetna, SilverScript, and/or CVS Health." Plaintiff's First Amended Petition at p. 4.

23. Aetna filed its Original Answer and Verification in the State Court Action on July 28, 2022, specifically denying it was a proper party to this lawsuit and stating that "Aetna Heath Inc. does not own, operate, or offer prescription benefits through a trade name of 'CVS Caremark.' Further, Aetna Heath Inc. does not own, operate, or offer prescription benefits through a trade name of 'CVS SilverScript.'" *See* Aetna Health Inc. Original Answer & Verification at ¶ 2. This information was confirmed in the sworn verification of Aetna Health Inc. Vice President and Secretary, Edward Lee. *Id.*

24. Here, Plaintiff has no reasonable basis of recovery against Aetna. The heart of Plaintiff's complaint is that the insurer or administrator for Plaintiff's Medicare Part D prescription drug plan caused his prescription for hypercholesterolemia medication to change from Repatha to Praluent. *See* Plaintiff's First Amended Petition at p. 4. Aetna is included in this lawsuit based on

the allegation that it, along with CVS Health Corporation and SilverScript Insurance Company, administered the SilverScript insurance plan in question. *Id.* This allegation is negated by Aetna's verified denial—it did not own, operate, or offer prescription benefits through the trade name "CVS Caremark" or "CVS SilverScript." Moreover, the plan documents that govern Plaintiff's Medicare Part D prescription drug plan for the time period at issue make clear that the policy is issued and administered by SilverScript, not Aetna. Aetna is not mentioned anywhere in the documents governing Plaintiff's policy and is a stranger to the policy and any benefits that may be available under it. *See* **Exhibit D.**

25.     Plaintiff claims the collective "Defendants through CVS Caremark and SilverScript undertook to provide Plaintiff and his physicians with medical advice that he could and should switch his medication from Repatha to Praluent." *See* Plaintiff's First Amended Petition at p. 4. Because Aetna did not own, operate or offer prescription benefits through the trade names CVS Caremark or CVS SilverScript, Plaintiff has no reasonable basis to recover against Aetna. Further, because Aetna did not own, operate or offer the prescription benefits about which Plaintiff complains, Aetna could not have taken any action whatsoever with respect to those prescription benefits, and Plaintiff has no reasonable basis to recover against Aetna.

26.     Because Aetna is not a proper party to this lawsuit, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff, CVS Health Corporation, and SilverScript Insurance Company, pursuant to 28 U.S.C. § 1332.

## VI. CONSENT

27. Defendants CVS Health Corporation and Aetna Health, Inc. consent to this removal.

## VII. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

28. Plaintiff alleges in his First Amended Petition that he seeks monetary relief in excess of $1,000,000. *See* Plaintiff's First Amended Petition, p. 3.

29. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) the United States District Court for the Northern District of Texas embraces the county in which the State Court Action now pends; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs as specifically alleged in Plaintiff's live pleading.

## VIII. JURY DEMAND

30. Defendant hereby requests a trial by jury on all claims and causes of action. If not previously paid, Defendant will pay the applicable fee following removal.

## IX. CONCLUSION

31. For the reasons stated above, Defendant SilverScript Insurance Company requests that this Court take jurisdiction of this action to its conclusion, to the exclusion of any further proceedings in the state court in accordance with the above law.

Dated: May 17, 2023

                          Respectfully submitted,

                          **COOPER & SCULLY, P.C.**

                          */s/ John A. Scully*
                          **JOHN A. SCULLY**
                          State Bar No. 17936500
                          john.scully@cooperscully.com
                          **NISHA P. BYERS**
                          Texas State Bar No. 00791460
                          nisha.byers@cooperscully.com

                          900 Jackson Street, Suite 100
                          Dallas, Texas 75202
                          Telephone: 214-712-9500
                          Facsimile: 214-712-9540

                          **ATTORNEYS FOR DEFENDANT**
                          **SILVERSCRIPT INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 17th day of May, 2023, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

                          */s/ Nisha P. Byers*
                          **NISHA P. BYERS**